2022 IL App (1st) 201015-U

1-20-1015

Filed June 9, 2022

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 94 CR 13250 |
| MICHAEL BISHOP, | ) ) | Honorable Timothy J. Joyce, |
| Petitioner-Appellant. | ) | Judge, Presiding |

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court properly denied petitioner's motion for leave to file a successive postconviction petition asserting a claim predicated on *Miller v. Alabama* when petitioner pled guilty to offenses he committed at age 18 and his sentences afford an opportunity for release after serving less than 40 years in prison.

¶ 2    Michael Bishop appeals from the circuit court's order denying his motion for leave to file a successive postconviction petition. He argues that his motion established the requisite cause and

prejudice to file a successive petition to challenge the constitutionality of his aggregate 70-year sentence for offenses he committed at age 18. We disagree and affirm the circuit court's order.[1]

¶ 3                                    I. BACKGROUND

¶ 4        Following his arrest, Michael Bishop gave a court reported statement admitting that he forced 41-year-old Marva Thomas into a sex act before strangling her to death on April 21, 1994. The state initially sought the death penalty. After a jury was selected, Bishop pled guilty to first degree murder and aggravated criminal sexual assault, pursuant to a negotiated plea agreement. The terms of the plea agreement included a sentencing recommendation of 50 years for first degree murder followed by a consecutive term of 20 years for aggravated criminal sexual assault, an aggregate term of 70 years. The circuit court accepted Bishop's guilty plea and sentenced him in accordance with the agreement. Bishop subsequently filed a motion to vacate his conviction and withdraw his guilty plea. He also filed a postconviction petition asserting various claims of ineffective assistance of counsel. The circuit court ultimately denied his motion and summarily dismissed his postconviction petition. This court affirmed both orders in a consolidated appeal. *People v. Bishop*, Nos. 1-00-0310 and 1-00-3263 cons. (2002) (unpublished orders pursuant to Supreme Court Rule 23).

¶ 5        In July 2020, Bishop filed the motion for leave to file a successive postconviction petition that is the subject of this appeal. Bishop claimed that the United States Supreme Court's eighth amendment ruling regarding juvenile offenders in *Miller v. Alabama*, 567 U.S. 460 (2012), provided cause for a successive petition since it was decided after his conviction and applies retroactively. His motion also asserted that he was prejudiced by the inability to assert a *Miller*-based claim in his initial petition because, as he contended, *Miller* supports that his 70-year

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

sentence violates the eighth amendment since it is a "*de facto* life sentence" imposed without the sentencing court's consideration of his youth and rehabilitative potential. Bishop also claimed that his plea counsel was ineffective for failing to object to consecutive sentences. He further believed the court was required by statute to make certain findings before imposing consecutive sentences and such findings were not supported by the record.

¶ 6 In a written order, the circuit court found that Bishop had not demonstrated cause and prejudice to permit the filing of a successive petition. The court found that the eighth amendment protections afforded by *Miller* did not extend to Bishop since he was not a juvenile (under age 18) at the time of his offenses. The court went on to find that Bishop likewise could not establish that his sentence violates the Illinois Constitution. Regarding his ineffective assistance claim, the court noted that it could have been raised in his initial petition and, that notwithstanding, the statutory provision Bishop cited did not apply to him. Rather, his convictions required consecutive sentences by statute. Accordingly, the court denied the motion for leave to file a successive postconviction petition. Bishop filed a timely notice of appeal.

¶ 7                                    II. ANALYSIS

¶ 8 On appeal, Bishop argues that he sufficiently demonstrated cause and prejudice to assert a claim that his sentence is unconstitutional as applied to him and that his guilty plea was not knowingly made since he was not aware at the time of the plea that the sentence was unconstitutional. He does not raise any arguments relating to the ineffective assistance claim asserted in his motion filed in the circuit court.

¶ 9 The Postconviction Hearing Act (Act) (735 ILCS 5/122-1 *et seq*. (West 2020)) enables an imprisoned person to challenge their conviction or sentence on constitutional grounds. *People v. Edwards*, 2012 IL 111711, ¶ 21. Such a challenge is a collateral attack, not a substitute for direct

appeal. *Id*. Claims that were decided on appeal are barred by *res judicata* and claims that could have been raised on direct appeal, but were not, are forfeited. *Id*. The Act contemplates the filing of only one petition. *Id*. ¶ 22. Claims not raised in an initial petition are deemed waived. *Id*. ¶ 21. The Act requires a petitioner to first obtain leave from the circuit court before filing a successive petition. *Id*. ¶ 24. Leave should be granted only when the petitioner demonstrates cause—an objective factor that impeded the petitioner from including the claim in an initial petition—and prejudice—that the claimed error renders the petitioner's conviction or sentence a violation of due process. *People v. Ross*, 2020 IL App (1st) 171202, ¶ 13. In other words, the petitioner must show that their claims have merit, and they could not have raised them before. Our review of a circuit court's denial of a motion for leave to file a successive petition is *de novo*. *Id.*

¶ 10        In *Miller*, the Supreme Court held that the eighth amendment forbids a juvenile offender from being sentenced to a mandatory term of life without the possibility of parole. 567 U.S. at 472. Recognizing that "children are constitutionally different from adults for purposes of sentencing" (*id*. at 471), the Court found that the eighth amendment requires that judges be afforded discretion to consider youth and its attendant mitigating circumstances when sentencing a juvenile. *Id*. at 476, 489. Our supreme court extended *Miller*'s eighth amendment protections to juveniles sentenced to a lengthy term of years that amount to the functional equivalent of life without the possibility of parole (termed *de facto* life). *People v. Reyes*, 2016 IL 119271, ¶ 9. The court later resolved that "a prison sentence of 40 years or less imposed on a juvenile offender provides some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *People v. Buffer*, 2019 IL 122327, ¶ 41. Accordingly, "a prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence in violation of the eighth amendment." *Id.*

¶ 11        In this case, the parties dispute whether Bishop could qualify for the constitutional protections recognized for juveniles since he was 18 at the time of his offenses. They also dispute whether his guilty plea bars him from raising these issues. Authority from our supreme court works against Bishop on both of these points. See *People v. Harris*, 2018 IL 121932, ¶ 61 (finding that *Miller* does not apply to 18-year-olds); *People v. Jones*, 2021 IL 126432, ¶ 27 (finding a juvenile sentenced pursuant to a negotiated guilty plea has waived any *Miller*-based challenge). We could affirm on these grounds. Nevertheless, we observe that Bishop cannot establish prejudice as his sentence is not *de facto* life.

¶ 12        Although Bishop was sentenced to a prison term of 70 years, he is eligible to receive day-for-day good conduct credit toward his sentence. 730 ILCS 5/3-6-3(a)(2) (West 1994) ("the prisoner shall receive one day of good conduct credit for each day of service in prison other than where a sentence of 'natural life' has been imposed. Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court."). As a result, he could be released from prison upon serving 35 years. Indeed, the Illinois Department of Corrections' website, of which we may take judicial notice (*People v. Pagsisihan*, 2020 IL App (1st) 181017, ¶ 35), reports that his projected parole date is in April 2029—35 years from the date he was first taken into custody. Accordingly, Bishop is not subject to a *de facto* life sentence. Based on our supreme court's precedent, a defendant's opportunity for release after 40 or fewer years is "the only relevant consideration" when evaluating whether the defendant's sentence violates the eighth amendment under *Miller*. *People v. Brakes*, 2021 IL App (1st) 181737, ¶ 34 (citing *Dorsey*, 2021 IL 123010, ¶ 64). Therefore, Bishop's sentence does not violate *Miller*.

¶ 13        Similarly, Bishop's sentence does not violate the proportionate penalties clause of the Illinois Constitution. The provision requires Illinois courts to consider both "the seriousness of the

offense" and "the objective of restoring the offender to useful citizenship" when determining criminal sentences. Ill. Const. 1970, art 1, § 11. While we have recognized that the proportionate penalties clause affords greater protection against excessive punishment than the eighth amendment (*People v. Robinson*, 2012 IL App (1st) 192289, ¶ 46), we still take guidance from eighth amendment decisions when evaluating proportionate penalties claims. *People v. Fernandez*, 2014 IL App (1st) 120508, ¶ 63. We do not believe that defendants who are serving less than a *de facto* life sentence and, therefore, cannot establish a *Miller* claim, can simply repackage the same youth-related arguments stemming from *Miller* to establish a viable proportionate penalties claim. See, *e.g.*, *People v. Hill*, 2022 IL App (2d) 200416, ¶ 37 (rejecting proportionate penalties claim premised on *Miller*-type arguments based on eighth amendment cases). That is precisely what Bishop attempts to do in this appeal.

¶ 14    In addition, Bishop's motion filed in the circuit court only asserted that his sentence violated the eighth amendment based on *Miller*. It made no mention of the proportionate penalties clause. Nor did Bishop use any language consistent with the provision. Petitioners cannot raise issues for the first time on appeal if they failed to include those particular arguments before the circuit court. *People v. Brown*, 2021 IL App (1st) 180991, ¶ 52; *People v. Watson*, 2022 IL App (1st) 192182, ¶¶ 29-34 (finding petitioner forfeited proportionate penalties claim regarding his sentence when he did not articulate such an argument before the circuit court). But even if he had asserted a proportionate penalties claim, he could not establish cause since he could have included such a claim in his initial petition. *Dorsey*, 2021 IL 123010, ¶ 74 (finding that *Miller* does not provide cause for a defendant to raise a claim under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. 1, § 11) in a successive postconviction petition).

¶ 15                                    III. CONCLUSION

¶ 16        For these reasons, we find that Bishop failed to demonstrate cause and prejudice to file a successive postconviction petition and affirm the judgment of the circuit court.

¶ 17        Affirmed.